LILLY N. (PEGGY) PETRIE, PETITIONER, v. ORAN GRAGSON, MAYOR OF LAS VEGAS, AND SIDNEY WHITMORE, CITY ATTORNEY OF LAS VEGAS, RESPONDENTS.

No. 4547

September 5, 1962                              374 P.2d 433

No appearance for Petitioner.

*Madison B. Graves,* of Las Vegas, for Respondent Gragson.

*Ralph M. Tucker,* of Reno, for Respondent Whitmore.

## OPINION

By the Court, THOMPSON, J.:

Do the provisions of Stats. of Nev., 1958–1959, ch. 316, sec. 1 at p. 425, amending sec. 6 of ch. 2 of the Las Vegas City Charter, impose a duty upon the respondent Gragson, the mayor of Las Vegas and currently a declared candidate for the Republican nomination for Governor of Nevada, and the respondent Whitmore, the city attorney of Las Vegas and currently a declared candidate for the Democratic nomination for Attorney General of Nevada, to resign their respective municipal offices? This question is presented by the application for

a writ of mandate of Lilly N. Petrie, a citizen, voter and taxpayer of the city of Las Vegas.[1]

The mentioned statute provides: "The mayor, each of the four commissioners, the city attorney, and the judge of the municipal court shall not be less than twenty-five (25) years of age, citizens of the United States, and qualified voters of the city of Las Vegas for at least two years immediately preceding the year in which said election is held. No incumbent elected city official shall be eligible for nomination or election to any elective office other than the office in which he is an incumbent, but nothing herein contained shall be construed so as to prevent any elected city official from first resigning his office and then becoming a candidate for an office in which he was not an incumbent. All such resignations, to be effective, shall be made at least 10 days prior to the last day for filing an affidavit of candidacy as provided in section 3 of chapter II of this charter. All officers made elective by the popular vote shall within twenty days after the result of the election is ascertained qualify as required by this charter and the constitution and laws of the State of Nevada, and enter upon the duties of their office on the first Monday in July of the year in which said general election is held, and failing to do so within said time, such office shall be and become vacant."

Petitioner urges simply that the phrase "any elective office" as it appears in the quoted statute embraces all elective offices, municipal, county, state and federal; that had the legislature intended such phrase to apply only to elective *municipal* offices it would have stated so

---

[1]The mandamus petition requests an order of this court commanding either the resignation of each respondent from municipal office, or his withdrawal of candidacy for state office. Upon the filing of said petition, we issued a show-cause order requiring each respondent to answer only the claim that he must resign his municipal office. Accordingly, the matter of each respondent's withdrawal of his candidacy for state office is not before us. We so limited the show-cause order to the single issue mentioned, because of the obvious lack of merit in petitioner's alternative request, i.e., withdrawal of candidacy for state elective office, it being axiomatic that a municipal charter cannot constitutionally prescribe qualifications for state elective office.

in clear language. She therefore concludes mandamus will lie to compel each respondent to resign his municipal office, such action by him being especially enjoined as a duty resulting from the municipal office which he holds. NRS 34.160.

We cannot accept the petitioner's contention, because it ignores other language of the statute which, in our view, clearly establishes the legislative intention that said sec. 6 of ch. 2 requires only the resignation of an incumbent elected city official who wishes to become a candidate for an elective *city office* of the city of Las Vegas in which he is not the incumbent. Such intention is evident for it is expressly provided therein that "all such resignations, to be effective, shall be made at least 10 days prior to the last day for filing an affidavit of candidacy as provided in section 3 of chapter II of this charter." Sec. 3 of ch. 2, to which reference is thus especially made, deals exclusively with municipal elections, and with respect to "affidavits of candidacy" (referred to in Sec. 6) provides, inter alia: "A candidate for any office to be voted at the primary *municipal* election shall file an affidavit of candidacy with the *city clerk,* not less than 30 days nor more than 40 days before the primary election * * *." (Italics added.)

There are other valid reasons why petitioner's contention is without merit, but we deem it unnecessary to set them forth. We hold that sec. 6 of ch. 2 of the Las Vegas City Charter does not impose a duty upon either respondent to resign his elective municipal office before declaring his candidacy for elective state office. The petition for an alternative writ of mandate·is denied, and the proceedings dismissed.

BADT, C. J., concurs.

(MR. JUSTICE MCNAMEE did not participate in the consideration or determination of this case.)